Jeffrey J. Hunt (5855) (jhunt@parrbrown.com)
David C. Reymann (8495) (dreymann@parrbrown.com)
Austin J. Riter (11755) (ariter@parrbrown.com)
Chad S. Pehrson (12622) (cpehrson@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
185 South State Street, Suite 800
Salt Lake City, Utah  84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

Attorneys for Defendants Miche Bag, LLC, Corbin
Church, and Christian J. Seegmiller

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EMILY LOWRY and KENNA ELLIS,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHELLE ROMERO, ANNETTE B. CAVANESS, CHRISTIAN J. SEEGMILLER, CORBIN CHURCH, MICHE BAG, LLC, and DOES 1-8,<br><br>Defendants. | **ANSWER OF DEFENDANTS MICHE BAG, LLC, CORBIN CHURCH, AND CHRISTIAN J. SEEGMILLER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**(Jury Demanded)**<br><br>Case No. 2:11-cv-01075-DB<br><br>Judge Dee Benson |

Defendants Miche Bag, LLC ("Miche"), Corbin Church ("Church"), and Christian J.

Seegmiller ("Seegmiller") (collectively, the "Company Defendants"), through their undersigned

counsel, hereby answer the First Amended Complaint filed against them on or about May 21,

2012 ("First Amended Complaint"), by Plaintiffs Emily Lowry and Kenna Ellis (collectively,

"Plaintiffs"), and for their defenses state and aver as follows:

## FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Company Defendants respond to the specifically numbered paragraphs of the First Amended Complaint as follows, specifically reserving the right to amend and/or supplement their responses as further discovery and investigation may warrant. Each of the below responses is as to the Company Defendants only and does not purport to respond to allegations as to any other party.

### [JURISDICTION AND VENUE]

1.      These allegations set forth a legal conclusion regarding the jurisdiction of this Court, and therefore no response is required. To the extent any response is required, admit that this Court has subject matter jurisdiction over this matter.

2.      Admit that Church and Seegmiller reside, and conduct business activities through Miche, in the District of Utah; that Miche is a limited liability company that has its principal place of business, and conducts ongoing business activities, in the District of Utah; and that the applications for Miche's copyrights and patents were completed and submitted from the District of Utah. The allegations in the last sentence of paragraph 2 set forth legal conclusions regarding the jurisdiction of this Court and the propriety of venue in this Court, and therefore no response is required. To the extent any response is required to those allegations, admit that this Court has personal jurisdiction over the Company Defendants and that venue is proper in this Court, but deny that Plaintiffs have stated any proper cause of action against the Company Defendants. Deny each and every remaining allegation.

3.      The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, allege that the content of Miche's intellectual property filings speaks for itself, and deny all allegations inconsistent with such content.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

4.      For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

5.      The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, allege that the content of Miche's intellectual property filings and the physical attributes and functionality of Miche's products speaks for itself, and deny all allegations inconsistent therewith.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

6.      The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, allege that the content of Miche's intellectual property filings and the physical attributes and functionality of Miche's products speaks for itself, and deny all allegations inconsistent therewith.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

7.     Allege that the content of Miche's intellectual property filings and the physical attributes and functionality of Miche's products speaks for itself, and deny all allegations inconsistent therewith.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

8.     Allege that the content of Miche's intellectual property filings and the physical attributes and functionality of Miche's products speaks for itself, and deny all allegations inconsistent with such content.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

9.     Deny that any of Miche's products "incorporate Plaintiffs' selection choices." For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

10.    The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, allege that the content of the video *How I Made My Millions* speaks for itself, and deny all allegations inconsistent with such content.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

11.    To the extent the allegations imply that Plaintiffs designed any aspect of the subject matter of any of Miche's intellectual property filings, deny that implication.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

12.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, allege that the content of Miche's patents speaks for itself, and deny all allegations inconsistent with such content.  Deny each and every remaining allegation.

13.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, allege that the content of Miche's copyrights speaks for itself, and deny all allegations inconsistent with such content.  Deny each and every remaining allegation.

14.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, allege that the content of Miche's intellectual property filings, the physical attributes and functionality of Miche's products, and the content of the website page http://www.michebag.com/how-it-works speak for themselves, and deny all allegations inconsistent therewith.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

15.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, if the allegations imply that Plaintiffs invented, authored, or created any aspect of the

subject matter of any of Miche's intellectual property filings, deny that implication.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

16.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

17.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

[BACKGROUND FACTS]

18.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

19.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

20.     Allege that the content of the Company Defendants' websites and presentations referenced in this paragraph, if any, speaks for itself, and deny all allegations inconsistent with such content.  Allege that Romero's listing as a co-author and/or co-inventor on Miche's intellectual property filings speaks for itself and deny the implication that any such listing is incorrect.  Deny the implication that Romero is a co-author and co-inventor in connection with either Plaintiff with respect to any of Miche's intellectual property.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

21.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

22.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

23.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

24.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

25.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

26.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

27.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

28.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

29.     To the extent the allegations state or imply that any of the Defendants are incorrectly or improperly listed as authors, inventors, or creators of the subject matter of any of

Miche's intellectual property filings, deny that statement/implication.  Admit that the Company

Defendants had no knowledge of, and had not communicated with, Plaintiffs prior to the filing of

this lawsuit and had no part in any alleged partnership with them, individually or collectively.

For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each

and every remaining allegation.

30.     The allegations of this paragraph are compound, prolix, semantically obscure,

unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible

of a meaningful response, and therefore no response is required.  To the extent any response is

required, for lack of knowledge or information sufficient to form a belief as to the truth thereof,

deny.

31.     For lack of knowledge or information sufficient to form a belief as to the truth

thereof, deny.

32.     For lack of knowledge or information sufficient to form a belief as to the truth

thereof, deny.

33.     For lack of knowledge or information sufficient to form a belief as to the truth

thereof, deny.

34.     For lack of knowledge or information sufficient to form a belief as to the truth

thereof, deny.

35.     For lack of knowledge or information sufficient to form a belief as to the truth

thereof, deny.

36.     For lack of knowledge or information sufficient to form a belief as to the truth

thereof, deny.

37.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

38.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

39.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

40.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

41.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

42.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

43.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

44.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

45.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is

required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

46.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

47.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

48.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

49.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

50.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

51.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

52.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible

of a meaningful response, and therefore no response is required. To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny the allegation in the first sentence of paragraph 52. Admit the allegations that, in or about 2007, Michelle Romero ("Romero") and Annette B. Cavaness ("Cavaness") communicated with Church and Seegmiller, both of whom had access to investment capital, and that Church eventually became the CEO of Miche Bag, LLC. Allege that the content of Miche's intellectual property filings speaks for itself, and deny all allegations inconsistent with such content. Deny each and every remaining allegation.

53.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required. To the extent any response is required, allege that the content of Miche's intellectual property filings, blogs, websites, promotional materials, and the *How I Made My Millions* video speaks for itself, and deny all allegations inconsistent with such content. Deny each and every remaining allegation.

54.     Deny.

55.     Deny the allegations in the first sentence of paragraph 55 to the extent they take out of context various statements Church may have made to Miche employees and representatives regarding having a positive attitude in promoting Miche's products and thereby falsely imply that such statements were intended to control communications by Miche employees or representatives about Miche's origin or operations, and allege that the content of such communications, to the extent they were made, speaks for itself, and deny all allegations inconsistent with that content. Admit the allegation that Miche held a sales conference in or

about January 2009 at which Cavaness and Romero addressed the audience, but deny the implication that Cavaness or Romero presented any false story to the audience regarding the origin of Miche's products.  Deny each and every remaining allegation.

56.     Admit the allegations that Miche has experienced sales growth over time, including between 2009 and 2011.  Deny each and every remaining allegation.

57.     Allege that the content of the video *How I Made My Millions* speaks for itself, and deny all allegations inconsistent with such content.  To the extent the allegations imply that the Company Defendants were engaged in any "conspiracy" regarding Plaintiffs' purported "Collection," deny that implication.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

58.     Allege that the content of Miche's websites, literature, and intellectual property filings speaks for itself, and deny all allegations inconsistent with such content.  Deny each and every remaining allegation as to the Company Defendants.  For lack of knowledge or information sufficient as to form a belief as to the truth thereof, deny each and every remaining allegation as to the other Defendants.

59.     Deny as to the Company Defendants.  For lack of knowledge or information sufficient as to form a belief as to the truth thereof, deny as to the other Defendants.

60.     Deny as to the Company Defendants.  For lack of knowledge or information sufficient as to form a belief as to the truth thereof, deny as to the other Defendants.

61.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

62.     To the extent the allegations imply that Plaintiffs have any legal or other cognizable interest in any of Miche's intellectual property, deny that implication.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

63.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, admit that the Company Defendants have had no involvement with any partition, dissolution, winding up, abandonment, partner retirement, or similar legal actions or communications with Plaintiffs concerning Plaintiffs' purported "Collection" or "Partnership," but deny the implications that any such involvement was legally or otherwise required of the Company Defendants, or that Plaintiffs' purported "Collection" or "Partnership" have any relevance to Miche's legal interests in Miche's intellectual property.  Deny each and every remaining allegation as to the Company Defendants, and, for lack of knowledge or information sufficient as to form a belief as to the truth thereof, deny all allegations as to the other Defendants.

64.     Allege that the characterization of legal requirements with respect to Miche's intellectual property filings constitute legal conclusions to which no response is required and speak for themselves as to content, and deny all allegations inconsistent with that content.  Deny each and every remaining allegation as to the Company Defendants.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny all allegations as to the other Defendants.

65.     Admit that the Company Defendants did not conduct any business or engage in any legal interactions with Plaintiffs' purported "Partnership," but deny any implications that the Company Defendants were legally required to do otherwise.  Allege that any agreements between the Company Defendants and Romero speak for themselves, and deny all allegations inconsistent with their content.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny all allegations as to Cavaness.  Deny each and every remaining allegation as to the Company Defendants.

66.     Deny as to the Company Defendants.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny as to the other Defendants.

67.     Admit that Miche's legal department received a letter from Plaintiffs' counsel dated June 28, 2011.  Allege that the content of the letter speaks for itself, and deny all allegations inconsistent with such content.  Deny each and every remaining allegation.

68.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

69.     Deny as to the Company Defendants.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny as to the other Defendants.

70.     Deny as to the Company Defendants.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny as to the other Defendants.

71.     For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

72.     The allegations of this paragraph are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, include irrelevant medical details

ordered by this Court to be stricken from the Complaint, and are otherwise not susceptible of a meaningful response, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

73.     Deny as to the Company Defendants.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny as to the other Defendants.

74.     Deny as to the Company Defendants.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny as to the other Defendants.

75.     To the extent the allegations imply that Plaintiffs are legally or otherwise entitled to any revenue, profit, or royalty from Miche's use or sale of Miche's intellectual property, deny that implication.  Deny each and every remaining allegation as to the Company Defendants.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny all allegations as to the other Defendants.

76.     To the extent the allegations imply that Plaintiffs are equitably or otherwise entitled to any profit, royalty, revenue, business opportunity, or other benefit arising from Miche's use or sale of Miche's intellectual property, deny that implication.  Deny each and every remaining allegation as to the Company Defendants.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny all allegations as to the other Defendants.

77.     Deny as to the Company Defendants.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny as to the other Defendants.

78.     To the extent the allegations imply that Plaintiffs have any legal or other cognizable interest in any of Miche's intellectual property, deny that implication.  Deny each and

every remaining allegation as to the Company Defendants.  For lack of knowledge or

information sufficient to form a belief as to the truth thereof, deny all allegations as to the other

Defendants.

[CLAIM ONE (1)]
(Declaratory Judgment of Non-Infringement for Plaintiffs' Prospective Use of Collection)
(By All Plaintiffs Against All Named Defendants And All Nominal Defendants)]

79.     The Company Defendants incorporate their responses to the foregoing paragraphs

of the First Amended Complaint as if fully set forth herein.

80.     This claim has been dismissed, and therefore no response is necessary.

81.     This claim has been dismissed, and therefore no response is necessary.

82.     This claim has been dismissed, and therefore no response is necessary.

83.     This claim has been dismissed, and therefore no response is necessary.

[CLAIM TWO (2)]
(Federal Right To Claim Authorship Of Copyrighted Work)
(Asserted By Both Plaintiffs Against All Named Defendants And Nominal Defendants)]

84.     The Company Defendants incorporate their responses to the foregoing paragraphs

of the First Amended Complaint as if fully set forth herein.

85.     Deny.

86.     Deny.

87.     The allegations in the first sentence of paragraph 87 set forth a legal conclusion,

and therefore no response is required.  To the extent any response is required to those allegations,

allege that the content of the federal Copyright Act speaks for itself, and deny all allegations

inconsistent with such content.  Deny each and every remaining allegation.

### [CLAIM THREE (3)
(Federal Infringement Of The Right Of A Copyright Owner—Right Of Copyright Author To Be Properly Listed On A Copyright And Exercise Ownership Rights In Connection Therewith)
(Asserted By Both Plaintiffs Against All Named Defendants And Nominal Defendants)]

88.     The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

89.     Deny.

90.     Deny.

### [CLAIM FOUR (4)
(Federal Action For Copyright Accounting From Copyright Co-Owner(s))
(Asserted By Both Plaintiffs Against All Named Defendants)]

91.     The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

92.     Deny.

93.     Deny.

94.     Deny.

### [CLAIM FIVE (5)
(Federal Infringement Of The Right Of A Patent Inventor—Right Of Patent Inventor To Be Properly Listed On A Patent And Exercise Ownership Rights In Connection Therewith)
(Asserted By Both Plaintiffs Against All Named Defendants)]

95.     The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

96.     Deny.

97.     Deny.

[CLAIM SIX (6)
(Federal Declaration Concerning Trade Dress)
(Asserted By Both Plaintiffs Against All Named Defendants)]

98.     The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

99.     This claim has been dismissed, and therefore no response is necessary.

100.    This claim has been dismissed, and therefore no response is necessary.

101.    This claim has been dismissed, and therefore no response is necessary.

102.    This claim has been dismissed, and therefore no response is necessary.

103.    This claim has been dismissed, and therefore no response is necessary.

104.    This claim has been dismissed, and therefore no response is necessary.

[CLAIM SEVEN (7)
(Utah State Claim For A Partnership Dissolution)
(Asserted By Plaintiff Lowry Against Defendant Romero)]

105.    The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

106.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

107.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

[CLAIM EIGHT (8)
(Utah State Claim For A Partnership Accounting)
(Asserted By Both Plaintiffs Against Defendant Romero)]

108.    The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

109.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

110.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

111.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

112.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

113.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is

required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny the allegations in the first two sentences of paragraph 113. Deny each and every remaining allegation, and specifically deny the implication that Plaintiffs are legally entitled to any accounting arising from assignment of any of Romero's legal interests to Miche.

114.     The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required. To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny that Plaintiffs have never made any revenue, profit, or royalty from their purported "Collection." Deny each and every remaining allegation.

[CLAIM NINE (9)
(Utah State Claim For A Breach Of Fiduciary Duty)
(Asserted By Both Plaintiffs Against Defendant Romero)]

115.     The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

116.     The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required. To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

117.     The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required. To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

118.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

119.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

120.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

121.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

[CLAIM TEN (10)
(Utah State Claim For Negligence)
(Asserted By Both Plaintiffs Against Defendant Romero)]

122.    The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

123.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is

required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

124.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

125.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

126.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

127.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

128.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

129.     The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

130.     The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

[CLAIM ELEVEN (11)
(Utah State Claim For Breach Of Contract)
(Asserted By Both Plaintiffs Against Defendant Romero)]

131.     The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

132.     The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

133.     The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient as to form a belief as to the truth thereof, deny the allegation that Romero breached any purported "Agreement" with Plaintiffs. Deny each and every remaining allegation.

134.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

135.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

136.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient as to form a belief as to the truth thereof, deny the allegation that Romero breached any purported "Agreement" with Plaintiffs. Deny each and every remaining allegation.

<u>[CLAIM TWELVE (12)</u>
(Utah State Claim For Breach Of The Covenant Of Good Faith And Fair Dealing)
(Asserted By Both Plaintiffs Against Defendant Romero)]

137.    The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

138.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

139.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

140.    The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

[CLAIM THIRTEEN (13)
(Utah State Claim For Fraud)
(Asserted By Both Plaintiffs Against All Named Defendants)]

141.    The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

142.    This claim has been dismissed, and therefore no response is necessary.

143.    This claim has been dismissed, and therefore no response is necessary.

144.    This claim has been dismissed, and therefore no response is necessary.

145.    This claim has been dismissed, and therefore no response is necessary.

146.    This claim has been dismissed, and therefore no response is necessary.

147.    This claim has been dismissed, and therefore no response is necessary.

148.    This claim has been dismissed, and therefore no response is necessary.

149.    This claim has been dismissed, and therefore no response is necessary.

[CLAIM FOURTEEN (14)
(Utah State Claim For Conversion)
(Asserted By Both Plaintiffs Against Defendant Romero)]

150.   The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

151.   The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

152.   The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

153.   The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, deny that there was ever any "conspiracy" among the Company Defendants and any of the other Defendants.  For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny each and every remaining allegation.

154.   The cause of action that these allegations support is not directed at any of the Company Defendants, and therefore no response is required.  To the extent any response is required, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

[CLAIM FIFTEEN (15)
(Utah State Claim For Unjust Enrichment And Equitable Restitution)
(Asserted By Both Plaintiffs Against All Named Defendants)]

155.     The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

156.     This claim has been dismissed as to the Company Defendants, and therefore no response is necessary.

157.     This claim has been dismissed as to the Company Defendants, and therefore no response is necessary.

[CLAIM SIXTEEN (16)
(Utah State Claim for Interference with Present and Prospective Economic Relations)
(Asserted By Both Plaintiffs Against All Named Defendants)]

158.     The Company Defendants incorporate their responses to the foregoing paragraphs of the First Amended Complaint as if fully set forth herein.

159.     This claim has been dismissed, and therefore no response is necessary.

160.     This claim has been dismissed, and therefore no response is necessary.

161.     This claim has been dismissed, and therefore no response is necessary.

162.     This claim has been dismissed, and therefore no response is necessary.

163.     This claim has been dismissed, and therefore no response is necessary.

164.     This claim has been dismissed, and therefore no response is necessary.

165.     This claim has been dismissed, and therefore no response is necessary.

166.     This claim has been dismissed, and therefore no response is necessary.

167.     This claim has been dismissed, and therefore no response is necessary.

[PRAYER FOR REMEDIES]

The various paragraphs of Plaintiffs' interminably long Prayer for Remedies are compound, prolix, semantically obscure, unclear, violate Rule 8 of the Federal Rules of Civil Procedure, are internally inconsistent, fail to provide reasonable notice as to the relief Plaintiffs seek, and are otherwise not susceptible of a meaningful response, and therefore no response is required. To the extent any response is required, the Company Defendants deny that Plaintiffs are entitled to any relief, judgment, or order with respect to the Company Defendants.

### THIRD DEFENSE

The Company Defendants deny each and every allegation in the First Amended Complaint that is not expressly admitted herein.

### FOURTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred by estoppel, laches, and/or waiver.

### FIFTH DEFENSE

Plaintiffs have suffered no compensable harm as a result of the Company Defendants' alleged conduct.

### SIXTH DEFENSE

Plaintiffs have failed to mitigate any damages they claim to have sustained as a result of the Company Defendants' alleged conduct.

## SEVENTH DEFENSE

Some or all of the damages of which Plaintiffs complain were the result of the fault and/or actions of persons or entities over whom or over which the Company Defendants had no control, including Plaintiffs themselves, and/or were the result of intervening causes.

## EIGHTH DEFENSE

No act or omission of the Company Defendants was done with a knowing or reckless indifference toward, or a disregard of, the rights and safety of others, and therefore any award of punitive damages is barred.

## NINTH DEFENSE

Punitive damages are barred by the Due Process Clause of the Fifth Amendment to the United States Constitution and by Article I, section 7 of the Utah Constitution.

## TENTH DEFENSE

Punitive damages are barred by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## ELEVENTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred by the doctrine of unclean hands.

## TWELFTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred by the bona fide purchaser doctrine.

## THIRTEENTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are time-barred.

## FOURTEENTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred by the doctrines of abandonment, suppression, and/or concealment.

## FIFTEENTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred by the failure of Plaintiffs to reduce any alleged invention to practice and/or to exercise reasonable diligence in doing so.

## SIXTEENTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred by the failure of Plaintiffs to make any alleged invention available to the public.

## SEVENTEENTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred by the failure of Plaintiffs to fix any original work in a tangible medium.

## EIGHTEENTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred because the alleged inventions, creations, and contributions of Plaintiffs were not novel, non-obvious, and/or original, and did not consist of copyrightable expressions.

## NINETEENTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred by the failure of Plaintiffs to originate and superintend any alleged copyrightable work.

**TWENTIETH DEFENSE**

Some or all of Plaintiffs' claims against the Company Defendants are barred because all of the works described in the Amended Complaint were authored or invented by individuals other than Plaintiffs.

**TWENTY-FIRST DEFENSE**

Some or all of Plaintiffs' claims against the Company Defendants are barred by the doctrine of consent.

**TWENTY-SECOND DEFENSE**

Some or all of Plaintiff's claims against the Company Defendants are barred by the doctrine of *de minimis* copying and/or use.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims seeking criminal liability against the Company Defendants are barred by lack of willfulness and/or requisite scienter.

**TWENTY-FOURTH DEFENSE**

Some or all of Plaintiffs' claims against the Company Defendants are barred by the doctrines of copyright misuse and/or patent misuse.

**TWENTY-FIFTH DEFENSE**

Some or all of Plaintiffs' claims against the Company Defendants are barred by the statute of frauds.

**TWENTY-SIXTH DEFENSE**

Some or all of Plaintiffs' claims against the Company Defendants are barred because authorship of the copyrights referenced in the Complaint is not correctable.

## TWENTY-SEVENTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred because inventorship of the patents referenced in the Complaint is not correctable.

## TWENTY-EIGHTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred by Plaintiffs' failure to patent any technology or register any copyrightable work at issue in this litigation.

## TWENTY-NINTH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred because Plaintiffs voluntarily chose to forego the pursuit of any patent or copyright rights they now claim to have had on the basis of the Plaintiffs' own independent business judgment and independent legal advice without expecting or seeking, nor receiving or relying upon any business or legal advice from any of the Company Defendant.

## THIRTIETH DEFENSE

Some or all of Plaintiffs' claims against the Company Defendants are barred because Plaintiffs spoliated essential evidence by voluntarily failing to retain possession of the drawings, prototypes, and other documentary evidence that they once allegedly possessed.

WHEREFORE, the Company Defendants demand that the First Amended Complaint be dismissed with prejudice and on the merits; that the Company Defendants be awarded their costs, expenses, and attorneys fees incurred in connection with this matter; and that the Company Defendants be awarded such other and further relief as this Court deems just.

## JURY DEMAND

The Company Defendants hereby demand a jury for all issues triable thereto.

DATED this 17th day of December 2012.

PARR BROWN GEE & LOVELESS, P.C.


 /s/ David C. Reymann
Jeffrey J. Hunt
David C. Reymann
Austin J. Riter
Chad S. Pehrson

Attorneys for Defendants Miche Bag, LLC, Corbin
Church, and Christian J. Seegmiller

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of December 2012, I filed the foregoing

**ANSWER OF DEFENDANTS MICHE BAG, LLC, CORBIN CHURCH, AND**

**CHRISTIAN J. SEEGMILLER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** via

the CM/ECF system, which electronically served the following:

> Daniel Witte
> MCCORMICK BARSTOW LLP
> P.O. Box 28912
> 5 River Park Place East
> Fresno, California 93720-1501
>
> H. Dickson Burton
> Edgar R. Cataxinos
> Krista Weber Powell
> TRASKBRITT PC
> 230 South 500 East, #300
> Salt Lake City, Utah 84110

/s/ David C. Reymann