IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EMILY LOWRY and KENNA ELLIS,<br><br>            Plaintiffs,<br><br>vs.<br><br>MICHELLE ROMERO, ANNETTE B. CAVANESS, CHRISTIAN J. SEEGMILLER, CORBIN CHURCH, MICHE BAG, LLC, a Utah limited liability company, and DOES 1-100,<br><br>            Defendants. | SCHEDULING ORDER<br><br>Case No. 2:11-cv-01075-DB<br><br>Judge Dee Benson |

    Pursuant to Fed.R. Civ P. 16(b), the parties to this matter conferred but were not able to agree on a form of Attorneys' Planning Report. By motion, Defendants Miche Bag, LLC, Corbin Church, and Christian J. Seegmiller ("Company Defendants") requested entry of a Scheduling Order. The parties briefed the matter and the Court held a hearing on February 14, 2013. The times and deadlines set forth herein may not be modified without the approval of the Court, on a showing of good cause.

| | | | |
|---|---|---|---|
| 1. | **PRELIMINARY MATTERS** | | **DATE** |
| | Nature of claims and any affirmative defenses: The nature of Plaintiffs' remaining claims, [*see* Order Partially Granting Motions to Dismiss, Docket No. 120], is set forth in the First Amended Complaint. The nature of Defendants' affirmative defenses is set forth in Defendants' respective Answers. | | |
| | a. | Was Rule 26(f)(1) Conference held? | *01/02/13* |
| | b. | Has Attorney Planning Meeting Form been submitted? | *Disputed Forms Submitted* |

|   |   |   |   |
|---|---|---|---|
|   |   |   | _01/10/13_ |
|   | c. | 26(a)(1) initial disclosure due | _02/28/13_ |
| 2. | | **DISCOVERY LIMITATIONS** | **NUMBER** |
|   | a. | Maximum Number of Depositions by Plaintiffs | _35_ |
|   | b. | Maximum Number of Depositions by Defendants | _35_ |
|   | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | _7_ |
|   |   | Total Number of Hours for All Depositions by Plaintiffs | _100_ |
|   |   | Total Number of Hours for All Depositions by Defendants | _100_ |
|   | d. | Maximum Interrogatories by Plaintiffs | _30_ |
|   |   | Maximum Interrogatories by Defendants | _30_ |
|   |   |   | _30_ |
|   | e. | Maximum requests for admissions by any Party to any Party | _Unlimited_ |
|   | f. | Maximum requests for production by any Party to any Party | _Unlimited_ |

g. Discovery of electronically stored information should be handled as follows: Any protocols as to electronic discovery will be governed by separate stipulation.

h. Claim of privilege or protection as trial preparation material asserted after production shall be handled as follows: The parties agree to follow the procedures regarding inadvertent production of privileged material set forth in Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b).

i. The parties agree to receive all items requiring service under Fed. R. Civ. P. 5(a) by either notice of electronic filing, or (ii) e-mail transmissions as set forth in Fed. R. Civ. P. 5(b)(2) (E) .

| | | | |
|---|---|---|---|
| **3.** | | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | **DATE** |
| | a. | Last Day to File Motion to Amend Pleadings | <u>07/15/13</u> |
| | b. | Last Day to File Motion to Add Parties | <u>07/15/13</u> |
| **4.** | | **RULE 26(a)(2) REPORTS FROM EXPERTS** | **DATE** |
| | a. | Plaintiffs (on issues for which Plaintiffs bear burden of proof) | <u>12/19/13</u> |
| | b. | Defendants (on issues for which Defendants bear burden of proof) | <u>12/19/13</u> |
| | c. | Counter reports | <u>01/21/14</u> |
| **5.** | | **OTHER DEADLINES** | **DATE** |
| | a. | Discovery to be completed by: | |
| | | Fact discovery | <u>11/29/13</u> |
| | | Expert discovery | <u>03/14/14</u> |
| | b. | *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e) | <u>By Rule</u> |
| | c. | Deadline for filing dispositive or potentially dispositive motions | <u>04/01/14</u> |
| **6.** | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | **DATE** |
| | a. | Referral to Court-Annexed Mediation: | <u>No</u> |
| | b. | Referral to Court-Annexed Arbitration | <u>No</u> |
| | c. | Evaluate case for Settlement/ADR on | <u>03/01/14</u> |
| | d. | Settlement probability: Fair | |

*Shaded areas will be completed by the court.*

| | | | | |
|---|---|---|---|---|
| **7.** | | **TRIAL AND PREPARATION FOR TRIAL** | **TIME** | **DATE** |

|   |   |   |   |
|---|---|---|---|
| a. | Rule 26(a)(3) Pretrial Disclosures[2] | | |
|   | Plaintiff | | *07/29/14* |
|   | Defendant | | *08/12/14* |
| b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | *By Rule* |
| c. | Special Attorney Conference[3] on or before | | *08/26/14* |
| d. | Settlement Conference[4] on or before | | *08/26/14* |
| e. | Final Pretrial Conference | *2:30 p.m.* | *09/09/14* |
| f. | Trial | Length | |
|   | i. Bench Trial | *# days* | ___:__ _.m.  *00/00/00* |
|   | ii. Jury Trial | *5 days* | *8:30 a.m.  09/22/14* |

**8. OTHER MATTERS**

Counsel should contact chambers staff of the judge presiding in the case regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

Signed February 20, 2013.

BY THE COURT:

*[signature: Evelyn J. Furse]*

Evelyn J. Furse
U.S. Magistrate Judge

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[2] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

---

[3] The Special Attorneys Conference does not involve the Court.  Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case.  Witnesses will be scheduled to avoid gaps and disruptions.  Exhibits will be marked in a way that does not result in duplication of documents.  Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[4] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.